**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ALEXANDER CORDOVA-MEJIA; et al.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1941<br><br>Agency Nos.<br>A209-296-914<br>A209-296-915<br>A209-297-160<br>A209-297-161<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2025**

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Edgar Alexander Cordova-Mejia, his two minor children, and his adult

stepson, Jairo Resiere Henrriquez-Castro, natives and citizens of El Salvador,

petition pro se for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's decision denying their applications for

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum and adult petitioners' applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, and review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

The agency did not err in finding that petitioners did not show they are members of a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)); *see also Diaz-Torres v. Barr*, 963 F.3d 976, 980-82 (9th Cir. 2020) (record did not contain evidence that the relevant society viewed petitioner's proposed particular social groups as distinct).

Petitioners do not challenge the agency's determinations that their past harm did not rise to the level of persecution, that they lack a well-founded fear of future persecution on account of family membership, and that adult petitioners failed to establish eligibility for withholding of removal or CAT protection, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th

24-1941

Cir. 2013).

Thus, petitioners' asylum claims and adult petitioners' withholding of removal and CAT claims fail.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**